1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ECOSYSTEM ALLIANCE, et al.,

            Plaintiffs,

      v.

MARK E. REY, et al.,

           Defendants.

No. 04-844P

ORDER ON RULE 59(e) MOTIONS

      This matter comes before the Court on two motions: (1) The Federal Defendants' Rule 59(e) Motion for Reconsideration of Order and Judgment to Narrow Scope of Permanent Injunction (Dkt. No. 98); and (2) Defendant-Intervenors' Motion to Alter or Amend Judgment (Dkt. No. 97). Having considered the papers and pleadings submitted by the parties and the balance of the record in this case, and finding that oral argument is not necessary for the disposition of these motions, the Court DENIES both motions.

### Background

      On January 9, 2006, Court granted in part and denied in part Plaintiffs' motion for injunctive relief and entered a final judgment in this matter. The Court set aside a 2004 Record of Decision (2004 ROD) by the Departments of Agriculture and Interior that eliminated the "Survey and Manage

ORDER - 1

1   standard" for the Northwest Forest Plan.  The Court also reinstated a 2001 Record of Decision (2001

2   ROD) that included the Survey and Manage standard.  In addition, the Court enjoined logging or other

3   ground-disturbing activities on projects that were not in compliance with the reinstated 2001 ROD.

4          The Federal Defendants and the Intervenors filed separate motions to alter or amend the

5   judgment pursuant to Rule 59(e).  The Federal Defendants argue that the judgment should be

6   narrowed to exempt several categories of projects, including: (1) fuels reduction projects;

7   (2) thinning projects in stands that are not late successional/old growth timber; (3) culvert

8   replacements; and (4) riparian and stream improvement projects.  The Intervenors argue that the

9   judgment should be modified to allow commercial thinning projects and certain awarded timber sale

10  contracts to proceed.

11         In response, Plaintiffs argue that the Federal Defendants and the Intervenors have not satisfied

12  the standards for altering or amending a judgment under Rule 59(e).  However, Plaintiffs indicate that

13  they may be amenable to altering the judgment in several respects, although not as broadly as the

14  Federal Defendants or the Intervenors request.  Plaintiffs suggest that the Court should order

15  mediation regarding the issues raised in the pending motions.

16                                         **Analysis**

17         The Federal Defendants and the Intervenors both bring their motions pursuant to Federal Rule

18  of Civil Procedure 59(e).  A leading commentator has noted:

19         Since specific grounds for a motion to amend or alter are not listed in [Rule 59(e)], the district
           court enjoys consideration discretion in granting or denying the motion.  However,
20         reconsideration of a judgment after its entry is an extraordinary remedy which should be used
           sparingly.  There are four basic grounds upon which a Rule 59(e) motion may be granted.
21         First, the movant may demonstrate that the motion is necessary to correct manifest errors of
           law or fact upon which the judgment is based.  Second, the motion may be granted so that the
22         moving party may present newly discovered or previously unavailable evidence.  Third, the
           motion will be granted if necessary to prevent manifest injustice. . . .  Fourth, a Rule 59(e)
23         motion may be justified by an intervening change in controlling law.

24  11 Chas. A. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995); see also Turner v.

25  Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (same).  The Ninth Circuit

1   has also noted that "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for

2   the first time when they could reasonably have been raised earlier in the litigation." <u>Carroll v.</u>

3   <u>Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003).

4          The Federal Defendants and the Intervenors do not address the criteria for granting a Rule

5   59(e) motion, nor do they make a showing of manifest error, newly discovered evidence, or a change

6   in controlling law.   Indeed, the Federal Defendants' motion largely raises arguments and issues that

7   they did not present in their opposition to Plaintiff's motion for injunctive relief.   In addition, the

8   Federal Defendants and the Intervenors have not shown that it is necessary to alter or amend the

9   judgment in order to prevent manifest injustice from occurring.   Although they assert that the projects

10  for which they seek exemptions would not harm the species protected by the Survey and Manage

11  standard, they do not demonstrate that such projects cannot proceed in compliance with the reinstated

12  2001 ROD.   In essence, the Court's judgment reinstated the 2001 ROD as it existed as of March 21,

13  2004.   There is no apparent reason why it would be manifestly unjust for the parties to comply with

14  policies that existed two years ago.

15         Nonetheless, Plaintiffs indicate that they may be amenable to altering or amending the

16  judgment in some respects.   Plaintiffs suggest that mediation would be the appropriate way for the

17  parties to reach an agreement on language that exempts certain projects or activities from the

18  judgment.   The Court declines to order the parties to engage in mediation regarding the issues raised

19  in the pending motions.   However, if the parties choose to engage in mediation and are able to reach

20  an agreement on language to exempt certain projects or activities from the scope of the judgment, the

21  Court would be receptive to an agreed motion presented under Rule 60(b).   The parties are

22  encouraged to communicate with each other to determine whether mediation may be fruitful.

23  Presumably, all sides would prefer to avoid expending further resources in litigation when simple

24  communications between the parties may hold an answer.

25

1

**Conclusion**

2       Because the Federal Defendants and the Intervenors have not satisfied the criteria for altering

3  or amending judgment under Rule 59(e), both pending motions are DENIED.  The Court also declines

4  to order the parties to engage in mediation.  However, the Court would be receptive to a Rule 60(b)

5  motion to modify the judgment if the parties engage in mediation and are able to reach an agreement

6  on exemptions to the judgment.

7       Dated:   April 20, 2006

8

9                                      s/Marsha J. Pechman
                                      Marsha J. Pechman

10                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 4