UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONSERVATION NORTHWEST, ET AL.<br><br>                Plaintiffs,<br><br>   v.<br><br>MARK E. REY, ET AL.<br><br>               Defendants. | CASE NO. C-04-844P<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b) |

This matter comes before the Court on Defendants' motion for relief (Dkt. No. 117.) from the Court's order on injunctive relief. (Dkt. No. 95.) Defendants request that the Court modify the injunction to allow certain logging projects. Plaintiffs oppose the motion. (Dkt. No. 122) Having considered the motion, response, and Defendants' reply (Dkt. No. 123), all documents submitted in support thereof and the record herein, the Court DENIES the motion to modify the injunction.

**Background**

The Court set forth the background in this case in its August 1, 2005 order on the parties' cross-motions for summary judgment and in its January 9, 2006 order on Plaintiffs' motion for injunctive relief. See Northwest Ecosystem Alliance v. Rey, 380 F. Supp. 2d 1175 (W.D. Wash. 2005); Northwest Ecosystem Alliance v. Rey, 2006 WL 44361 (W.D. Wash. 2006). For ease of reference, the Court restates the key facts discussed in the previous orders.

ORDER ON MTN
FOR RELIEF - 1

This case arises from the Departments of Agriculture and Interior's ("the Agencies") decision in 2004 to eliminate from the Northwest Forest Plan a set of standards and guidelines – Survey and Manage standard – which was used to protect certain species in forested lands. Plaintiffs, a coalition of environmental and conservation groups, challenged the decision.

The Survey and Manage standard, which was originally adopted in a Record of Decision ("ROD") in 1994, consists of four mitigation measures: (1) managing known sites of certain species; (2) conducting surveys prior to ground-disturbing activities; (3) conducting extensive surveys to find high priority sites for hard-to-find species; and (4) conducting general regional surveys to gain information about poorly known species.

In 2000, the Agencies prepared a supplemental environmental impact statement (SEIS) to evaluate the Survey and Manage standard. In January 2001, the Agencies issued a Record of Decision (the "2001 ROD") that amended certain provisions of the Survey and Manage standard.

Industry and environmental groups filed lawsuits challenging the 2001 ROD. The parties entered into a settlement agreement requiring the Agencies to examine, in an SEIS, the possibility of eliminating the Survey and Manage standard and relying instead on specific programs run by the Bureau of Land Management (BLM) and U.S. Forest Service. The lawsuits were dismissed pending the new SEIS.

In January 2004 the Agencies prepared a SEIS (the "2004 SEIS") that included the following alternatives: (1) retaining the Survey and Manage standard until an annual species review ("ASR")[1] is conducted; (2) eliminating the Survey and Manage standard; and (3) retaining but modifying the standard in certain ways. The SEIS identified the second alternative as the preferred option. On March 22, 2004, the Agencies issued a Record of Decision to Remove or Modify the Survey and Manage Mitigation Measure Standards and Guidelines (the "2004 ROD").

---

[1] The ASR process was adopted under the 2001 ROD, which requires BLM to acquire, evaluate, and apply new information to implement changes or refinements to the Survey and Manage classifications established in the Northwest Forest Plan.

ORDER ON MTN
FOR RELIEF - 2

Plaintiffs filed this lawsuit in April 2004. On August 1, 2005, the Court granted in part Plaintiffs' motion for summary judgment (Dkt. No. 69) ruling that, in preparing the 2004 SEIS, the Defendants failed to comply with the National Environmental Policy Act (NEPA):

* \* Defendants failed to analyze potential impacts to Survey and Manage species if they are not added to or are removed from the Forest Service's and BLM's programs for special status species ("SSS programs");
* \* Defendants failed to provide a thorough analysis of their assumption that late-successional reserves would adequately protect species that the Survey and Manage standard was introduced to protect, particularly in light of their previous positions in earlier environmental impact statements;
* \* Defendants' determination that the Survey and Manage standard was a hindrance to hazardous fuel treatments was flawed in several ways.

Defendants filed a Notice of Intent on December 12, 2005 to prepare a supplement to the 2004 SEIS. On January 9, 2006, after reviewing each party's proposal, the Court set aside the Defendants' 2004 ROD and reinstated the 2001 ROD.[2] (Dkt. No. 95.) The Court also enjoined Defendants from authorizing, allowing, or permitting to continue any logging or other ground-disturbing activities on projects that were not in compliance with the 2001 ROD (including amendments as of March 21, 2004). The Court further ordered that no project or activity covered by the injunction can take place unless and until the order is modified or vacated.

On October 11, 2006, the Court approved the parties' stipulation to modify the injunction to exempt four categories from the 2001 ROD. (Dkt. No. 108.) Those categories include: (1) thinning projects in forest stands younger than 80 years old; (2) certain projects related to culverts; (3) certain riparian and stream improvement projects; and (4) certain projects involving hazardous fuel treatments.

---

[2] For the remedial phase of this lawsuit, the American Forest Resource Council and the Douglas Timber Operations are granted leave to appear as Defendant-Intervenors.

ORDER ON MTN
FOR RELIEF - 3

In June 2007, the Agencies issued a SEIS (the "2007 SEIS") to supplement the 2004 SEIS.[3] The 2007 SEIS contained a fourth alternative (to retain the Survey and Manage standard until an ASR is conducted and NEPA requirements are met), in addition to those listed in the 2004 SEIS. The Agencies again selected the second alternative (eliminating the Survey and Manage standard) as the preferred option. In July 2007, the Agencies issued two RODs to Remove the Survey and Manage Mitigation Measure Standards and Guidelines (the "2007 ROD"), which Defendants claim, without dispute, supersede the 2001 ROD. Defendants claim that the 2007 ROD addresses the legal deficiencies identified by this Court in the 2004 ROD.

Defendants now ask this Court to modify the injunction to allow those projects that relied on the 2004 ROD to be exempt from the order if such projects comply with the new 2007 ROD. Defendants also contend that, while projects that relied on the 2001 and 2004 ROD fall within the scope of the injunction, new projects that were never previously authorized do not.

**Analysis**

**I.     Standard of Review**

A party may obtain relief from a court order when "it is no longer equitable that the judgment should have prospective application " or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(5) & (6). The moving party bears the burden of establishing "that a significant change in facts...warrants revision of [a] decree...." Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383 (1992). The factual change must make compliance with the injunction more onerous, unworkable, or detrimental to the public interest. Id. at 384. The court must also keep in mind the public interest. Id. at 392.

---

[3] Defendants claim that the supplemental SEIS was prepared not only for this Court but also in response to a Ninth Circuit decision in a separate lawsuit in November 2006. The Ninth Circuit held that the BLM's 2001 and 2003 ASR decisions violated the Federal Land Policy Management Act ("FLPMA") and should have been subject to NEPA. Klamath Siskiyou Wildlands Crt. v. Boody, 468 F.3d 549, 556 (9th Cir. 2006).

ORDER ON MTN
FOR RELIEF - 4

The parties do not dispute that there has been a significant factual change in circumstances (2001 ROD superseded by 2007 ROD). Thus, the question is whether this change warrants a modification of the injunction.

### A.     Issuance Of New Decision

Defendants argue that the Court's injunction is "no longer equitable or just" because the 2001 ROD has been superseded by the 2007 ROD and "may no longer be the basis for future decisions of the Agencies." (Defs.' Mot. at 7.)  Defendants cite to Northern Alaska Environmental Center v. Lujan, 961 F.2d 886 (9th Cir. 1992), for the proposition that the mere issuance of a new ROD is in itself sufficient to warrant a modification. Plaintiffs point out that Defendants do not suggest that there are any exigency circumstances as a result of the new ROD. Plaintiffs also point out that Defendants unilaterally chose to issue a new ROD and have not shown that the 2007 ROD complies with appropriate law. Defendants maintain that the merits of 2007 ROD are not before the Court.

Defendants have not met their burden in arguing that the mere issuance of the 2007 ROD warrants a modification. As Plaintiffs note, Defendants do not provide any evidence establishing how the injunction is burdensome or unfeasible with respect to the projects that relied on the 2004 ROD. Defendants' blanket assertion that the 2001 ROD can no longer be the basis for such projects is not sufficient to justify relief from the injunction.

Moreover, Lujan is inapposite. The Lujan court lifted the permanent injunction after concluding that the environmental impact statements ("EIS") complied with NEPA, not merely because the agency issued EISs. See Id. at 890-92. Further, the Lujan court required the defendant to prepare EISs; here, Defendants issued a new ROD on their own volition. See Id. at 887. In fact, Defendants previously urged the Court to allow them to "address the deficiencies" and "issue a new Record of Decision," but this Court ruled that the proper remedy was to reinstate the previous ROD. (Dkt. No. 95, at 6.)

Although this Court did not require Defendants to issue a new ROD, it is in the public's interest that Defendants demonstrate that the 2007 ROD is in compliance with all appropriate law.

ORDER ON MTN
FOR RELIEF - 5

Defendants, however, argue that the merits of the 2007 ROD are not properly before the Court. Defendants contend that Plaintiffs originally challenged the 2004 ROD, not the 2007 ROD, and any challenges to the 2007 ROD must be brought in a new lawsuit. Defendants rely on a case from the District of Columbia for the proposition that the merits of a new agency decision are not before the court when such decision was not the subject of the court's previous order. See Fund for Animals v. Norton, 390 F. Supp. 2d 12 (D.D.C. 2005).

The Court finds Defendants' arguments unpersuasive and concludes that the 2007 ROD is properly before the Court for three reasons. First, although Plaintiffs did not challenge the 2007 ROD, they brought a broad challenge to the validity of the 2004 ROD. As such, all projects and activities that relied on the 2004 ROD are before the Court. Second, it is Defendants, not Plaintiffs, who put in issue the 2007 ROD by requesting this Court to allow those projects that relied on the 2004 ROD to now rely on the 2007 ROD. Defendants cannot argue that the 2007 ROD is not before the Court when it is the basis for their relief. Third, Norton is distinguishable as well as non-binding upon this Court. In Norton, the agency decision that plaintiffs sought to enforce was not part of the court's prior order, whereas here the projects Defendants seek to exempt are part of the Court's injunction. See Norton 390 F. Supp. 2d at 15.

### B. New Decision Complying With Appropriate Law

Defendants do not establish that the 2007 ROD addresses the concerns of this Court other than to simply assert that it does. Defendants urge the Court to presume that the 2007 ROD complies with appropriate laws because there is a presumption that public officers properly discharged their official duties. See Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415 (1971), rev'd on other grounds, Califano v. Sanders, 430 U.S. 99 (1977). But local government administrators are entitled to "no deference" when they seek to modify an injunction. Rufo 502 U.S.

ORDER ON MTN
FOR RELIEF - 6

at 392, n.14. Because Defendants do not establish that the 2007 ROD complies with all appropriate law, a modification based on the new 2007 ROD is not warranted.[4]

### C. Anticipating The Change In Circumstances

Defendants also anticipated that there would be a change in circumstances – a new ROD – as early as December 2005. (Dkt. No. 91 at 2.) Nonetheless, almost a year later, Defendants entered into an agreement with Plaintiffs (the October 11, 2006 stipulation), which modified the injunction requiring Defendants to adhere to the 2001 ROD. The Supreme Court has held that a moving party's burden is heightened if the party anticipated the changed circumstances at the time the decree was agreed to despite knowing performance would be more onerous under the changing conditions. Rufo, 502 U.S. at 385. Thus, Defendants must show that they agreed to the stipulation in good faith and made a reasonable effort to comply with it. Id.

Defendants have not met their heightened burden to warrant a modification. Defendants make no attempt to establish that they made reasonable efforts to comply. To the contrary, the facts suggest that Defendants simply stalled on projects subject to the injunction until a new ROD was issued.

### D. Expending Resources – Time and Money

Defendants also argue unpersuasively that a modification is warranted because they have expended a vast amount of time and effort in issuing the 2007 ROD and it would be unjust for the Court to ignore such effort. Defendants do not cite to a single case in which a modification was granted based on the amount of resources expended by an agency. Even if such authority existed, Defendants do not provide any evidence illustrating the costs or research in issuing the new 2007 ROD. While such effort is noteworthy, it does not justify a modification. Defendants

---

[4] Although Plaintiffs point to three areas of the 2007 SEIS they assert contain the same violations that were identified by this Court in the 2004 ROD, the record before the Court is insufficient to make that determination. It appears that Plaintiffs attached only certain sections of the 2007 SEIS and Defendants submitted none. (See Pls.' Resp., Ex. B., Defs.' Mot., Exs A-B.) Irrespective of this deficiency, Defendants carry the burden, which has not been met here.

ORDER ON MTN
FOR RELIEF - 7

fail to show that complying with the injunction is now unworkable, onerous, or detrimental to the public interest. Moreover, money and time do not equal substance – the 2007 ROD may well contain the same legal deficiencies as the 2004 ROD.

## Conclusion

The Court finds that a case has not been made to justify lifting or modifying the injunction and DENIES Defendants' motion for relief. The mere fact that the Agencies decided to issue a new ROD after the Court reinstated the 2001 ROD, without more, does not provide a sufficient basis to warrant a modification. Defendants have provided no authority to indicate otherwise. Defendants failed to establish that the injunction is unworkable or onerous as a result of the superseded 2001 ROD. Defendants also anticipated the changed circumstances and fail to meet their heightened burden by showing that they entered into the stipulation in good faith or made a reasonable effort to comply with it before requesting a modification. Defendants also failed to show how the 2007 ROD complies with all appropriate law. Finally, the amount of time and money expended on issuing a new agency decision does not affect whether a modification is warranted.

Because the Court does not find that a modification is warranted, the Court need not address whether the proposed modification is suitably tailored to the change in circumstances. Further, this Court does not address the issue of whether new projects that were not approved prior to the injunction are within its scope because Defendants request only that the Court consider the projects that relied on the 2004 ROD. Finally, the Court has no position on how the parties should proceed if at all.

The clerk is directed to provide copies of this order to all counsel of record.

DATED: November 21, 2007.          /s/ Marsha J. Pechman
                                    Marsha J. Pechman
                                    United States District Court Judge

ORDER ON MTN
FOR RELIEF - 8